# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DOUG LONGHINI,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No: 6:17-cv-1016-Orl-37GJK**

**RAYAN AND ASSOCIATES, INC. and**
**FL SAKURA ASIAN FUSION, INC.**
**a/k/a SAKURA ASIAN FUSION,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 35)** |
| **FILED:** | **February 6, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 36)** |
| **FILED:** | **February 6, 2018** |

**THEREON** it is **RECOMMENDED** that the motion **DENIED**.

## I. PROCEDURAL BACKGROUND.

On June 6, 2017, Plaintiff Douglas Longhini filed a Complaint against Defendants FL Sakura Asian Fusion, Inc. ("Sakura") and Rayan and Associates, Inc. ("Rayan"), alleging

violations of the Americans with Disabilities Act ("ADA"). Doc. No. 1. On June 21, 2017, Sakura was served with the Complaint and discovery requests, Doc. No. 14, and on June 28, 2017, Rayan was served with the Complaint and discovery requests, Doc. No. 25. Sakura and Rayan failed to appear or file any papers in this action, and on September 29, 2017, a clerk's default was entered against Sakura, Doc. No. 23, and on November 16, 2017, a clerk's default was entered against Rayan, Doc. No. 17. On February 6, 2018, Longhini filed motions for final default judgments (the "Motions") against Sakura and Rayan. Doc. Nos. 35, 36.

## II.     ALLEGATIONS.

Longhini alleges the following in the Complaint. He is a qualified individual under the ADA, specifically, that he has cerebral palsy, "which requires him to use a wheelchair to ambulate, [and Longhini] may not ambulate without use of a wheelchair." Doc. No. 1 at ¶¶ 3, 4. Rayan is the "owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 7618 W. Irlo Bronson Memorial Highway, Kissimmee, Florida 34747, Parcel ID: 03-25-27-31 60-0000-0025 (the "Subject Premises" or "Facilities"). *Id.* at ¶ 6. Sakura "is the owner, lessee or operator of the restaurant known as Sakura Asian Fusion located on the Subject Premises." *Id.* at ¶ 8. The Subject Premises is a place of public accommodation under the ADA, specifically, a restaurant. *Id.* at ¶¶ 8, 9.

On or about March 8, 2017, Longhini visited the Subject Premises to buy food "and encountered architectural barriers to access the Subject Premises." *Id.* at ¶ 13. Longhini "was not able to access, among other things, parking, entrance, travel via an accessible path, goods and services provided by the tenant, and tenant restroom, at the Subject Premises without encountering accessibility barriers." *Id.* at ¶ 23. Longhini alleges the following violations against Rayan and Sakura:

### Parking

a. The accessible space is not located on a compliant accessible route to enter the building served in violation of Section 4.6 of the [Americans with Disabilities Act Accessibility Guidelines ("ADAAG")] and Section 502 of the 2010 ADA Standards, the solution is readily achievable.

b. Accessible parking lacks compliant identification signage, the provided sign is improperly located violating ADAAG Section 4.6 and 2010 ADAAS[1] Section 502.

### Entrance Access and Path of Travel

c. The ramp leading to the restaurant door has excessive slopes in violation of Section 4.8 of the ADAAG as well as ADAAS Section 405.

d. The slope and maneuvering clearance at the entry door is hazardous to the plaintiff violating ADAAG Section 4.13 and 2010 ADAAS Sections 403 and 404.

### Access to Goods and Services

e. The restaurant fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain elements required to be accessible and usable by persons with disabilities violating ADAAG Section 36.2111 and the 2010 ADA Standards.

f. Dining, serving and payment areas are inaccessible to the plaintiff violating ADAAG and ADAAS requirements.

### Access to Restrooms

g. Plaintiff could not exit the restroom which lacks clear width and maneuvering clearance at the door violating ADAAG Section 4.13 and ADAAS Section 404.

h. Grab bars are improper with a rear grab bar mounted 38" AFF[2] to the surface. The side grab bar is mounted 38" AFF and only extends 38" from the rear wall violating ADAAG Section 4.16

---

[1] "ADAAS" is not defined in either the Complaint or the Motions.
[2] "AFF" is not defined in the Complaint.

        and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

      i. Plaintiff could not use the public restroom lavatory as there is inadequate knee clearance and the counter surface is over 35" AFF violating Section 4.19 of the ADAAG and Section 606 of the 2010 ADAAS, resolution is readily achievable.

      j. Plaintiff could not use the restroom urinal which is mounted with a rim height of 24" AFF violating ADAAG Section 4.18 and ADAAS Section 605.

      k. Plaintiff could not use the mirror and dispensers which are mounted beyond the limits prescribed in the ADAAG and 2010 ADAAS. The toilet paper dispenser is located 48" from the rear wall violating ADAAG Section 4.16 and the ADAAS.

*Id.* at ¶ 24.

The violations harmed Longhini, and he seeks the following: (1) a permanent injunction "enjoining [Rayan and Sakura] from continuing its discriminatory practices[;]" (2) an order directing Rayan and Sakura "to alter the Subject Premises as appropriate to comply with the ADA and ADAAG[;]" (3) an order directing Rayan and Sakura "to maintain accessible features at the premises[;]" (4) attorney's fees and costs; (5) that the Subject Premises be closed "until the requisite modifications are completed[;] and [(6)] for such further relief this [C]ourt deems just and proper." *Id.* at 8.

### III. STANDARD OF REVIEW.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] A default

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as

judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment. *Hoewischer v. Joe's Properties, LLC*, No. 3:11-CV-769-J-12MCR, 2012 WL 139319, at *3 (M.D. Fla. Jan. 18, 2012) (denying motion for default judgment in an ADA case where complaint failed to state a claim for which the requested relief may be granted).

## IV.   ANALYSIS.

To state a cause of action for discrimination under Title III of the ADA, a plaintiff must initially prove that "(1) [plaintiff] is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA." *Duldulao v. Kennedy Spa, LLC*, 8:10-cv-2607-T-30AEP, 2013

---

binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

WL 2317729, at *2 (M.D. Fla. May 28, 2013) (citing 42 U.S.C. § 12182(a)). Here, Longhini fails to show through well-pleaded facts that the foregoing elements are satisfied and he is entitled to judgment.

First, the allegations regarding "Access to Goods and Services" are vague and conclusory. Under this heading, Longhini asserts the following:

> e. The restaurant fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain elements required to be accessible and usable by persons with disabilities violating ADAAG Section 36.2111 and the 2010 ADA Standards.
>
> f.  Dining, serving and payment areas are inaccessible to the plaintiff violating ADAAG and ADAAS requirements.

Doc. No. 1 at ¶ 24. These are conclusory allegations. The "policies, practices, and procedures," and the elements of the Subject Premises that are allegedly inaccessible or not usable by disabled individuals are not identified. Longhini does not allege how the dining, serving and payment areas are inaccessible. These allegations are insufficient to support a judgment against Rayan and Sakura. *Houston v. Fifo, Inc.*, No. 6:17-CV-1082-ORL-37DCI, at 6 n.6 (M.D. Fla. Nov. 30, 2017) (recommending denial of motion for default judgment where allegations of ADA violations were too vague, including an allegation that the "[d]efendant's facility fails to adhere to a policy and procedure to afford goods and services to individuals with disabilities, without providing any further detail as to what Defendant's alleged failure entails."), *report and recommendation adopted in part at* 2018 WL 1325029, at *2 (M.D. Fla. Mar. 15, 2018) (declining to adopt report and recommendation only as to permitting the plaintiff to file an amended motion for default judgment and instead dismissing the complaint); *see also Kennedy v. Paniccia-Indialantic, LLC*, 6:16-cv-2208-Orl-31DCI, 2017 WL 5178182 (M.D. Fla. Nov. 8, 2017) (dismissing claim pleaded under ADA due to the plaintiff's failure to specify the barriers to access and the specific places within

the property in violation of the ADA).

Second, even if some of Longhini's allegations were sufficiently particular to support a judgment against Sakura and Rayan, Longhini did not plead whether the Subject Premises is a pre-existing building, which, under the ADA, is a building that existed on or before January 25, 1993. *See* 42 U.S.C. § 12183(a). A different standard is applied to pre-existing buildings existing than to those that were constructed on or after January 26, 1993. *Gathright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006). If the Subject Premises is a pre-existing building, then discrimination under the ADA is a "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Where removal is not 'readily achievable,' failure of the entity to make goods, services and facilities 'available through alternative methods if such methods are readily achievable,' may constitute discrimination under the ADA." *Gathright-Dietrich*, 452 F.3d at 1273 (citing 42 U.S.C. § 12182(b)(2)(A)(v)).

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include--
>
> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

As Longhini did not plead when the Subject Premises came into existence, it is impossible to know which standard applies to it. Longhini did plead that resolutions to some of the violations are readily achievable, Doc. No. 1 at ¶ 24(a), (h), (i), but provided no factual support for those assertions. Without such support, Longhini "failed to plead adequately that the resolutions to Defendant's violations are readily achievable." *Houston v. Fifo, Inc.*, No. 6:17-CV-1082-ORL-37DCI, at 10; *Hoewischer v. Joe's Properties, LLC*, No. 3:11-CV-769-J-12MCR, 2012 WL 139319, at *3 (denying motion for default judgment and finding that the plaintiff "failed to state a claim for which relief may be granted" by merely reciting the statutory definition of "readily achievable").

## V.    CONCLUSION.

Based on the foregoing, it is **RECOMMENDED** that the Court enter an order **DENYING** the Motions (Doc. Nos. 35, 36).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on April 27, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy